THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:12-cv-00288-MR-DLH

| | |
|---|---|
| MONUMENTAL LIFE INSURANCE COMPANY, ) ) ) Plaintiff, ) ) vs. ) ) ) MICHAEL H. McCRAW; BILL ) COOPER SELLERS, JR., Individually ) and as Co-Administrator of the ) Estate of Theresa Marie Hartley ) McCraw; and JACK NELSON ) HOPPES, JR., Individually and as ) Co-Administrator of the Estate of ) Theresa Marie Hartley McCraw, ) ) Defendants. ) _____ ) | **O R D E R** |

**THIS MATTER** is before the Court *sua sponte*.

The Plaintiff Monumental Life Insurance Company filed this interpleader action on September 18, 2012, seeking a determination of the proper beneficiary of $12,500 in accidental death insurance benefits. [Doc. 5]. In its Complaint, the Plaintiff identified three potential beneficiaries: Michael H. McCraw, Bill Cooper Sellers, Jr. and Jack Nelson Hoppes,

Sellers and Hoppes are the co-administrators of the estate of the insured, Theresa Marie Hartley McCraw (collectively, "the Defendants"). [Id.]. Upon motion, the Court granted the Plaintiff leave to deposit the insurance proceeds with the Court. [Doc. 11].

On December 4, 2012, the Plaintiff moved to dismiss itself from the action. The Plaintiff's motion was denied without prejudice on the grounds that no defendant had yet made an appearance in the action. [Doc. 15]. Thereafter, the Defendants each filed an Answer to the Complaint. [Docs. 17, 19, 20]. The Plaintiff then renewed its motion to be dismissed from the case and to be discharged from further liability. [Doc. 21]. The Plaintiff's motion was granted on June 10, 2013. [Doc. 23].

"Ordinarily, each claimant should file an answer setting out any defenses to the interpleader action, a statement of the claim to the res in contest, and any additional claims against the stakeholder or the other claimants within the limits on counterclaims and cross-claims in interpleader proceedings . . . ." 7 Charles Alan Wright, Arthur R. Miller, and Mary Kay Kane, <u>Federal Practice and Procedure</u> § 1715 ($3^d$ ed. 2001) (footnotes omitted). Here, while each of the Defendants has answered the Complaint, none has asserted any claim to the proceeds at issue.

Accordingly, **IT IS, THEREFORE, ORDERED** that within twenty-one (21) days of this Order, the Defendants shall each file a statement of their claim, if any, to the accidental death proceeds at issue and a statement of the claim, if any, each Defendant asserts as against the other Defendants. **The Defendants are hereby advised that failure to file such statement will result in the entry of default against them.**

**IT IS FURTHER ORDERED** that within fourteen (14) days of the last claim of interest being filed, the Defendants shall conduct an initial attorneys' conference. A certificate of initial attorneys' conference shall be filed within seven (7) days thereafter.

**IT IS SO ORDERED**.

Signed: August 12, 2013

Martin Reidinger
United States District Judge